WILEY *v.* WESTERN & SOUTHERN LIFE INSURANCE CO.

1. INSURANCE—PRESUMPTION OF DEATH—EVIDENCE—STATUTES.

In action on life insurance policy on theory that, under statute (3 Comp. Laws 1929, § 13467), insured is presumed to be dead, plaintiff, in order to make case, must show that insured disappeared, that his whereabouts remained unknown for statutory period, and that, notwithstanding diligent search, no knowledge of him has been procured.

2. SAME—OVERCOMING PRESUMPTION OF DEATH.

Where plaintiff made case of presumptive death of insured under statute (3 Comp. Laws 1929, § 13467), said presumption was not conclusively overcome by showing that at time of his disappearance there was warrant out for his arrest, especially in view of other testimony in case indicating that normal man, under existing conditions, would be unlikely to remain away for so long a time.

3. SAME—TRIAL—REQUESTED INSTRUCTION—APPEAL AND ERROR.

Where it was in evidence that, within two months after insured's disappearance, authorities withdrew warrant for his arrest and dropped proceedings against him, failure of trial judge to give requested instruction that, as insured had no knowledge of said discharge, it would not affect his belief that he was fugitive from justice; *held,* not reversible error, since it must have been self-evident to jury that insured would not be relieved of fear of arrest by facts of which he had no knowledge, although said requested instruction might properly have been given.

Appeal from Jackson; Simpson (John), J. Submitted June 8, 1933. (Docket No. 60, Calendar No. 37,262.) Decided October 2, 1933.

Assumpsit by Lula Wiley against Western & Southern Life Insurance Company, a foreign corporation, on a policy of insurance on the life of her

son William Wiley. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Phillip C. Kelly,* for plaintiff.

*Bisbee, McKone, Wilson & King,* for defendant.

McDONALD, C. J.   This suit was brought by the plaintiff as beneficiary in an insurance policy issued July 29, 1918, by the defendant on the life of her son, William Wiley.   On September 20, 1924, the insured disappeared from his mother's home in the city of Jackson, Michigan, and has not since been seen or heard from.   The theory of the suit is that he is presumed to be dead by reason of his unexplained absence for a period of seven years.   On the trial at the close of the proof, the defendant moved for a directed verdict on the ground that, as a matter of law, its proofs overcame the presumption of death.   The court reserved decision and later denied a motion to enter judgment in favor of the defendant notwithstanding the verdict.   Judgment for the plaintiff was entered in the sum of $525. The defendant has appealed.

1. The first ground urged for reversal is that the court erred in refusing defendant's motion to direct a verdict or to enter a judgment notwithstanding the verdict.

Our statute providing that a presumption of death shall arise after seven years' absence reads:

"If any person shall disappear and his whereabouts remain unknown for the space of seven years and no knowledge of such person can be procured in such space of seven years, he shall be presumed to be dead."   3 Comp. Laws 1929, § 13467.

To make a case under this statute, the plaintiff must show that the insured disappeared from his

residence; that his whereabouts remained unknown for the statutory period, and, notwithstanding diligent search during that time, no knowledge of him has been procured. In this case the plaintiff made such a showing and the defendant then went forward with its proofs in rebuttal of the presumption. It was shown that the insured was a resident of Jackson and was employed at the State police post in that city; that at the time of his disappearance he was on probation from the municipal court of Kalamazoo following conviction for failure to support his wife; that a condition of the probation required him to pay her $10 a week; that he defaulted on his payments, was arrested but released on promise to comply with the conditions of the probation; that he again defaulted; that a warrant was issued for his arrest; that he heard about it and immediately disappeared. It is the contention of the defendant that these facts which are undisputed negative the presumption of death and that the court should have so held as a matter of law. It is true that they furnish a motive for the disappearance of the insured. They establish beyond question that he left his employment and his home and concealed his whereabouts in order to avoid arrest and possible punishment for violating the conditions of his probation. But as a reason for remaining away in concealment for seven years, such proofs are not conclusive. They did not furnish the only evidence which the court and jury had a right to consider in determining whether the insured was dead or alive. The plaintiff introduced evidence tending to show that if the insured were alive he probably would not have concealed his whereabouts from her for so long a period. She showed that he was married in 1920 and lived with his wife only three months; that following their separation he re-

576 MICHIGAN REPORTS. [Oct.

turned to his mother's home where he was living happily with her and his sisters at the time he disappeared; that the severest penalty that could be imposed on him for violating the conditions of his probation was confinement in the county jail for three months; that she and her family made diligent search for him, broadcasted, advertised in the newspapers, visited morgues, solicited the aid of Federal and State law enforcement agencies as well as the defendant insurance company, but could find no trace of him. The facts shown by the plaintiff indicate that a normal man, such as the insured, would be unlikely to remain away for so long a period without communicating with his mother or sisters.

The defendant says that there must be some point where the undisputed facts in rebuttal negative the presumption of death as a matter of law. We can conceive of such a situation, but we know of no case where the courts have decided the question as a matter of law. Probably the reason is that these cases are necessarily decided by logical inference from human experiences and the jury can do that as well as the judge. In view of all the facts and circumstances shown in the present case, we think that the trial court did not err in refusing to hold as a matter of law that defendant's evidence overcame the presumption of death.

2. It was in evidence that within two months after the insured disappeared the authorities at Kalamazoo withdrew the warrant and dropped the proceedings against him. The defendant submitted a request to charge, in substance, that, as the insured had no knowledge of his discharge, it would not affect his belief that he was a fugitive from justice. The failure of the court to give this request is as-

signed as error. The court might properly have given it, but we cannot see how his failure to do so influenced the verdict. It must have been self-evident to the jury that the insured would not be relieved of his fear of arrest by facts of which he had no knowledge. Error in refusal to submit the request was not prejudicial.

3. Complaint is made of error in admission of evidence. We find none that merits discussion.

The judgment is affirmed, with costs to the plaintiff.

POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.